IN THE
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| DONNA L. DAWSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.7:19-cv-00388 |
| | ) |
| KROGER LIMITED PARTNERSHIP I, | ) |
| | ) |
| Defendant. | ) |

**OBJECTIONS TO BILL OF COSTS**

Defendant Kroger Limited Partnership I ("Kroger") has filed herein a Bill of Costs [ECF 85] asking that the court tax costs of $8,072.29. This bill of costs is the product of overreaching by Kroger and should be denied in whole or in part.

1. First, although Bill of Costs plainly states: "*SPECIAL NOTE*" Attach to your bill an itemization *and documentation* for requested costs" (ECF 85, at 1), Kroger did not provide a single cancelled check as evidence that any of the costs were actually paid. For this reason alone, the motion must be denied.

2. And, the only three checks Kroger did provide are highly suspect.

3. Kroger provided as part of Exhibit A to counsel's affidavit what appears to be a copy of a check from defense counsel to Frank Bryant dated March 24, 2020 in the amount of $54.03.  (ECF 86-1, 17 of 48).  But, the check is not signed by the payor and is not endorsed or negotiated by anyone and must therefore be disregarded.

4. Next, Kroger also provided as part of Exhibit A to counsel's affidavit what appears to be a copy of a check from defense counsel to Scott Dawson (plaintiff's husband) dated March 24, 2020 in the amount of $54.66.  (ECF 86-1, 22 or 48).  Again, the check is

not signed by the payor and is not endorsed or negotiated by anyone and must therefore be disregarded.

5. Next, Kroger also provided as part of Exhibit A to counsel's affidavit what appears to be a copy of a check that is completely illegible. (ECF 86-1, 27 of 48). It is not possible to determine what the check represents and it must also be disregarded.

6. Presumably, Kroger offered the best evidence it had that the alleged costs were actually paid. The Court should therefore deny the bill of costs.

7. Next, 28 U.S.C. § 1920 provides for taxation of,

   (1) Fees of the clerk and marshal;

   (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

   (3) Fees and disbursements for printing and witnesses;

   (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

   (5) Docket fees under section 1923 of this title;

   (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

8. Kroger's request to tax copying costs of $1900.30 should be rejected as Kroger has not explained why those costs were "*necessarily* obtained by use in the case." If they represent deposition exhibits, *every* deposition exhibit in this case was tendered by the parties; most of the depositions were taken by Zoom in the Covid era and displayed on the screen using Zoom's "share screen" feature; and nothing other than pushing a button on counsel's computer was required to generate the exhibit. To the extent replication of the exhibits was purchased by Kroger from a vendor, Kroger chose to bear that cost for its own purposes and the documents were not "*necessarily* obtained by use in the case."

9. Plaintiff does not object to taxation of costs of $55.00 for docket fees as such is provided by 28 U.S.C. §1923. As stated, all the other costs requested by Kroger are the product of overreaching or are not supported by the evidence, or both.

10. Finally, plaintiff has struggled financially since Kroger terminated her employment in December 2017. She currently works for a bank making $15.00/hour; her husband suffers from kidney disease, and their son is in college and commutes from home to save money. She cannot afford to pay costs to Kroger. (Exhibit 1).

WHEREFORE, plaintiff Donna Dawson requests entry of an order sustaining the objections to the bill of costs.

> Respectfully Submitted,
>
> DONNA DAWSON
>
> By: */s/ Terry N. Grimes*
>       Of Counsel

Terry N. Grimes, Esquire (VSB No. 24127)
TERRY N. GRIMES, ESQ., P.C.
320 Elm Avenue, SW
Roanoke, Virginia 24016-4001
(540) 982-3711
(540) 345-6572 *Facsimile*
*tgrimes@terryngrimes.com*
    *Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of June 2021, I filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

>     */s/ Terry N. Grimes*
>     Terry N. Grimes