UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| DONNA L. DAWSON, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 7:19-cv-00388 |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| KROGER LIMITED PARTNERSHIP I, | ) | By:   Hon. Thomas T. Cullen |
| | ) | United States District Judge |
| Defendant. | ) | |

This case is before the court on Kroger Limited Partnership I's ("Kroger") bill of costs, filed under Federal Rule of Civil Procedure 54(d)(1). For the reasons that follow, the court will award Kroger costs in the amount of $5,650.60.

"Under Rule 54(d)(1) of the Federal Rules of Civil Procedure, costs 'should be allowed to the prevailing party' unless a federal statute provides otherwise." *Williams v. Metro Life Ins. Co.*, 609 F.3d 622, 636 (4th Cir. 2010) (quoting Fed. R. Civ. P. 54(d)(1)). This rule "creates the presumption that costs are to be awarded to the prevailing party." *Cherry v. Champion Int'l Corp.*, 186 F.3d 442, 446 (4th Cir. 1999). Although the court has the discretion to deny an award of costs, it must "articulat[e] some good reason for doing so" in order to "overcome the presumption." *Id.* (internal citation and quotation marks omitted). "Among the factors that justify denying an award of costs are: (1) misconduct by the prevailing party; (2) the unsuccessful party's inability to pay the costs; (3) the excessiveness of the costs in a particular case; (4) the limited value of the prevailing party's victory; or (5) the closeness and difficulty of the issues decided." *Ellis v. Grant Thornton LLP*, 434 F. App'x 232, 235 (4th Cir. 2011).

Dawson first objects to the bill of costs on the basis that Kroger has not provided sufficient documentation supporting its requested costs. The court finds that this objection is without merit because Kroger has provided 78 pages of invoices, receipts, and copies of checks to support the expenses claimed in its bill of costs. (ECF Nos. 86, 86-1.) Next, Dawson objects that Kroger has not demonstrated that the claimed $1,900.30 in copying costs were "necessarily obtained by use in the case" as required under 28 U.S.C. § 1920. The court disagrees, finding that Kroger's itemized list of copying expenses sufficiently explains how each copying expense was necessary to its case. (*See* ECF No. 86 at 3–4.)

Notably, Kroger incurred the lion's share of its costs in this case—$5,761.15—by ordering deposition transcripts. Dawson identified 33 witnesses in her initial disclosures and noticed 11 depositions. As a result, Kroger had to defend against those 11 depositions and depose four additional witnesses. The costs associated with these depositions were, at least in large part, due to Dawson and her counsel. The court accordingly declines to shift the responsibility for those costs to Kroger.

Finally, Dawson objects to the assessment of costs against her due to her financial difficulties. It is well settled, however, that indigence does not automatically excuse the losing party from paying the prevailing party's costs. *See Flint v. Haynes*, 651 F.2d 970, 972 (4th Cir. 1981). The power to award costs is a discretionary function of the court, and the court may impose costs against an unsuccessful litigant if the court finds that the litigant has not convinced the court that she "will not ever be able to pay the order imposing costs." *McGill v. Faulkner,* 18 F.3d 456, 460 (7th Cir. 1994). The court finds that Dawson has not demonstrated that she is indigent or would otherwise be unable to pay these costs.

Nonetheless, in light of her current financial situation, the court will exercise its discretion to reduce the total costs by 30%. *See, e.g. Wheeler v. Virginia*, No. 7:17cv337, 2019 WL 3781453 (W.D. Va. 2019) (reducing an award of costs against a plaintiff with limited financial resources). Therefore, the court will award Kroger costs in the amount of $5,650.60, representing a fair contribution of costs in light of Dawson's current financial circumstances.

For the foregoing reasons, it is hereby **ORDERED** that the Kroger's request for an award of costs is **GRANTED in part** and **DENIED in part** and costs in the amount of $5,650.60 are taxed against Dawson. The Clerk is directed to forward a copy of this Order to all counsel of record.

**ENTERED** this 13 day of August, 2021.

*/s/ Thomas T. Cullen*
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE